1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON EUGENE HUNTER,                    No.  2:22-cv-1281 DB P

12                  Plaintiff,

13         v.                                  ORDER

14   JACKOWITZ, et al.,

15                  Defendants.

16

17         Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C.

18   §1983.  Before the court is defendants' motion to compel plaintiff to attend a deposition and to

19   respond to discovery.  For the reasons set forth below, defendants' motion will be granted in part

20   and denied in part.

21                               **BACKGROUND**

22         Plaintiff is an inmate at the Sacramento County Main Jail.  This case is proceeding on

23   plaintiff's claims in his first amended complaint for (1) excessive force against defendants

24   Sheriff's Deputies Jackowitz, Leonard, Sargetis, and Higley; (2) failure to protect against

25   defendants Sergeants Wade and Albee; and (3) violation of due process against defendants

26   Leonard, Wade, Sergeant Brace, and Lieutenant Ayers.  (ECF No. 11.)

27         Plaintiff alleges that in February 2022 as he was returning to his cell as instructed, he was

28   thrown to the ground by defendants Jackowitz, Leonard, Sargetis, and Higley and Higley

                                          1

1    slammed his head into the floor.  As he was being taken to the medical unit, defendant Leonard

2    placed him in an unnecessary chokehold.  Defendants Wade and Albee failed to take action to

3    stop Leonard.

4          Plaintiff further alleges that he was blamed for the incident and received a disciplinary

5    write-up.  Plaintiff contends that he was not provided a copy of the deputies' report prior to the

6    disciplinary hearing in violation of his rights to due process.

7          On October 23, 2023, this court issued a discovery and scheduling order which set a

8    deadline of February 23, 2024 for discovery and any motions to compel.  (ECF No. 20.)  On

9    February 23, defendants filed a motion to compel plaintiff to participate in a deposition and to

10   respond to interrogatories, requests for production of documents, and requests for admissions.

11   (ECF No. 21.)  Plaintiff filed an opposition (ECF No. 25) and defendants filed a reply (ECF No.

12   28).

13         On March 1, 2024, this court granted defendants' motion to extend the discovery deadline

14   to May 23, 2024.  (ECF No. 23.)  Plaintiff objected to the motion and order.  (ECF Nos. 26, 27.)

15   Defendants responded to plaintiff's objections.  (ECF No. 29.)

**DISCOVERY MOTIONS**

16

17   **I.      Objections to Extension of the Discovery Cut-off**

18         This court first addresses plaintiff's objections to the extension of the discovery deadline.

19   Those objections are construed as a motion for reconsideration of that order.  Plaintiff argues that

20   defendants failed to properly notice his deposition and that he will be prejudiced by the extension

21   of the discovery deadline.  Plaintiff does not explain what sort of prejudice he will suffer.

22   Plaintiff also expresses frustration that the court ruled on defendants' motion before plaintiff had

23   an opportunity to respond.  Defendants argue that they acted with diligence in scheduling

24   plaintiff's deposition and that plaintiff is not prejudiced by the extension of time.

25         Plaintiff is correct that defendants failed to comply with the fourteen-day notice

26   requirement set out in the discovery and scheduling order.  That order states: "Pursuant to

27   Federal Rule of Civil Procedure 30(a)(2)(B), defendants may depose, either in person or by

28   videoconference, plaintiff and any other witness confined in a prison or jail upon condition that,

2

1    at least fourteen days before such a deposition, defendants serve all parties with the notice

2    required by Fed. R. Civ. P. 30(b)(1)." (ECF No. 20 at 5.)  Defendants sent their notice of the

3    deposition to plaintiff on February 16.  The deposition was scheduled for February 22, only six

4    days later.  While defendants argue plaintiff was obligated to object to the deposition, the

5    discovery and scheduling order specifically states that defendants right to take plaintiff's

6    deposition is "condition[ed]" upon the fourteen-day notice.  Based on that language, this court

7    finds plaintiff did not have an obligation to object in the very short time he was given.

8         This court's March 1 order granting the extension of time was based on two factors:

9    plaintiff's refusal to attend his deposition and plaintiff's failure to respond to discovery.  (ECF

10    No. 23.)  This court reconsiders the March 1 order and amends it to remove plaintiff's refusal to

11    attend the deposition as a basis for the extension of time.  This court finds plaintiff's failure to

12    provide defendants with timely discovery responses justifies the extension of time.  Nothing in

13    plaintiff's objections causes the court to reconsider the decision on that basis.  Plaintiff fails to

14    show he will be prejudiced in any way by the extension of time.

15      **II.**     **Motion to Compel**

16        **A.  Deposition**

17      Based on defendants' failure to properly notice the February 22 deposition, their motion to

18    compel plaintiff to participate in a deposition based on the February 16 notice will be denied.

19    However, plaintiff is advised that because discovery has been extended to May 23, defendants

20    have the right to re-notice his deposition to be taken prior to that time.

21        **B.  Interrogatories and Requests for Production of Documents**

22      Defendants allege plaintiff has completely failed to respond to their interrogatories and

23    requests for production of documents.  Plaintiff states that defendants failed to comply with the

24    rules because they did not file a separate notice of motion, which caused him confusion.

25      Defendants included a notice of their motion to compel on the first two pages of their

26    document. (ECF No. 21 at 1-2.)  Plaintiff's objection to that format is unsupported and this court

27    is unable to discern how plaintiff could have been confused – the first page of defendants' motion

28    clearly states that it is a notice of their motion to compel.

1    Plaintiff also argues that the discovery is burdensome and that defendants are in

2   possession of some of the information requested.  Plaintiff has the right to object to defendants'

3   discovery in properly submitted responses to that discovery.  See Fed. R. Civ. P. 33(b)(2),(4)

4   ("The grounds for objecting to an interrogatory must be stated with specificity" in the

5   interrogatory responses.); Fed. R. Civ. P. 34(b)(2) (The party responding to requests for

6   production of documents must either state that the document is being provided or "state with

7   specificity the grounds for objecting to the request.").  Those responses were due within 45 days

8   after service of the discovery.  (See ECF No. 20 at 4.)  Plaintiff does not dispute that he failed to

9   respond in any way to the interrogatories and requests for documents.  Defendants' motion to

10   compel those responses will be granted.  Plaintiff is warned that if he fails to provide defendants

11   with timely responses, this court will consider sanctions, which could include dismissal of this

12   action.

13        **C.  Requests for Admissions**

14    The parties agree that plaintiff served defendants with responses to their requests for

15   admissions on February 23, 2024, three days after they were due.  Defendants argue that

16   plaintiff's untimeliness should result in the requests being deemed admitted under Federal Rule of

17   Civil Procedure 36(a)(3).  This court finds plaintiff's tardiness minimal and nonprejudicial.

18   Given plaintiff's pro se status, this court excuses plaintiff's tardiness.  If defendants wish to

19   challenge the substance of any of those responses, they may file an appropriate motion to compel

20   prior to the May 23 deadline.

21                              **CONCLUSION**

22    For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

23   follows:

24    1.   Plaintiff's motion for reconsideration (ECF No. 27) of this court's March 1 order is

25        granted.  This court amends the March 1 order as follows:  the sentence "Good cause

26        appearing, the court will grant the motion." (ECF No. 23 at 1) is replaced with "This

27        court finds good cause for an extension of time based on plaintiff's failure to submit

28   ////

1    timely responses to defendants' interrogatories, requests for production of documents,

2    and requests for admissions."

3    2.   Defendants' motion to compel (ECF No. 21) is granted in part and denied in part as

4    follows:

5    a.   Defendants' motion to compel plaintiff to participate in the deposition noticed on

6    February 16, 2024 is denied without prejudice to defendants' right to re-notice a

7    deposition.

8    b.   Defendants' motion to compel plaintiff to respond to the interrogatories served on

9    January 3, 2024 is granted.  Within thirty days of the date of this order, plaintiff

10   shall provide defendants with responses to those interrogatories.

11   c.   Defendants' motion to compel plaintiff to respond to the requests for production of

12   documents served on January 3, 2024 is granted.  Within thirty days of the date of

13   this order, plaintiff shall provide defendants with responses to the requests for

14   production of documents.

15   d.   Defendants' motion to compel plaintiff to respond to the requests for admissions

16   served on January 3, 2024 is denied as moot.

17   Dated:  April 3, 2024

18

19

20   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26   DLB:9
     DB Prisoner Inbox/Civil Rights/S/hunt1281.mtc

27

28