UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | No. 2:22-cv-1281 SCR P |
| Plaintiff, | |
| v. | ORDER |
| JACKOWITZ, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. On May 10, 2024, defendants filed three motions, including a motion to compel plaintiff to participate in a deposition. (ECF No. 31.) In a document filed May 28, plaintiff sought a 180-day extension of time on all matters due to the death of his mother. (ECF No. 32.) On July 19, the court found plaintiff failed to demonstrate good cause for a 180-day extension of all deadlines and ordered plaintiff to file an opposition to defendants' motions within 30 days of the date of the order. (ECF No. 35.)

Plaintiff seeks reconsideration of the court's July 19 order. (ECF No. 36.) Plaintiff states that he does not have the mental capacity to manage the complexities of this litigation due to his grief following the deaths of his grandmother, mother, and close friend in the first six months of this year. Plaintiff states that he has requested counseling but, as of July 23 when he signed his motion, he had not received "adequate" treatment.

Defendants oppose the motion. (ECF No. 37.) Defendants argue that absent medical documentation that plaintiff is unable to proceed, plaintiff has not shown good cause for the extension of time he seeks.[1]

Typically, the court will grant reconsideration of an order when the moving party explains that there are new or different facts or circumstances which did not exist previously. E.D. Cal. R. 230(j)(3). In his motion for reconsideration, plaintiff describes not just the death of his mother, but the deaths of two other people he was apparently close to, including one death that occurred in June 2024. In addition, he states for the first time that he is having difficulty getting adequate mental health care. Those allegations are sufficient for the court to take another look at plaintiff's motion for an extension of time. (ECF No. 36.)

This court sympathizes with plaintiff's grief and recognizes that plaintiff understandably faces some difficulties in litigating this case right now. That said, the fact that litigating the case may be difficult does not, without more, entitle plaintiff to the significant delays he seeks. Plaintiff's motion lacks any specific description of the limitations he claims to be experiencing nor does he provide any sort of evidentiary support for those limitations.

It is worth noting that plaintiff's conduct has resulted in significant delays in this case in the past. Defendants propounded interrogatories and requests for production of documents on January 3, 2024. (See Decl. of M. Mendoza; ECF No. 21-2 at 6.) When plaintiff did not provide defendants with responses to those requests, defendants filed a motion to compel plaintiff to do so. On April 4, the court granted defendants' motion and ordered plaintiff to provide defendants with responses within thirty days. (ECF No. 30.) In defendants' current motion to compel, they state that plaintiff has not complied with the April 4 order. (ECF No. 31 at 6.) Also in their current motion, defendants state that plaintiff failed to appear for his May 7 deposition without any prior notice to defendants. (Id. at 5.)

Plaintiff has now had three months to respond to defendants' May 10 motions, far longer

---

[1] Defendants also argue the motion for reconsideration is premature because the court has not ruled on plaintiff's original motion for an extension of time. It appears that defendants overlooked the court's July 19 order resolving plaintiff's initial motion.

than the twenty-one days required by Local Rule 230(l).  Defendants' motions do not appear complex.  They ask the court to require plaintiff to appear for his deposition and they seek sanctions for plaintiff's failure to respond to written discovery.

Plaintiff will be given one final, brief extension of time to respond to defendants' motions.  Currently, plaintiff's responses are due August 19.  Plaintiff will be given an additional three weeks.  Plaintiff is warned that if he fails to file responses as ordered, this court will likely recommend he be sanctioned.  Sanctions may include restrictions on the evidence plaintiff will be permitted to present or dismissal of this action.  See Fed. R. Civ. P. 37(d).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 36) of the court's July 19 order is denied.  By September 10, 2024, plaintiff shall file his responses to defendants' May 10 motions.

DATED: August 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE