UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | No. 2:22-cv-1281 SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JACKOWITZ, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. On May 10, 2024, defendants filed three motions, including a motion to compel plaintiff to participate in a deposition. (ECF No. 31.) After the court granted two extensions of time, plaintiff's responses to those motions were due on September 10, 2024. (ECF No. 39.) Plaintiff has not filed responses to defendants' motions. For the reasons set forth below, this court will recommend this action be dismissed.

**BACKGROUND**

Plaintiff filed this action on July 20, 2022. (ECF No. 1.) After dismissing the original complaint for failure to state any claims under §1983, this court found plaintiff stated some cognizable claims for relief in his first amended complaint. (ECF Nos. 11, 12.) Plaintiff was given the option of proceeding on the cognizable claims or filing a second amended complaint.

////

1

1  Plaintiff chose to proceed on the cognizable claims in the first amended complaint. (ECF No.
2  13.)
3        After defendants answered the first amended complaint, on October 23, 2023, the court
4  issued a Discovery and Scheduling Order. (ECF No. 20.) When plaintiff failed to provide
5  defendants with timely discovery responses, defendants filed a motion to compel on February 23,
6  2024. (ECF No. 21.) The court granted the motion with respect to defendants' interrogatories
7  and requests for production of documents. (ECF No. 30.) The court ordered plaintiff to respond
8  to the discovery by May 3, 2024. (Id. at 5.) Plaintiff was warned that if he failed to provide
9  defendants with timely responses, the court would consider imposing sanctions, which could
10 include dismissal of the action. (Id. at 4.)
11       When plaintiff again failed to provide defendants with timely discovery responses and
12 failed to appear for a properly noticed deposition, defendants filed a second motion to compel and
13 a motion for sanctions on May 10, 2024. (ECF No. 31.) Plaintiff then sought a 180-day
14 extension of time on all matters due to the death of his mother. (ECF No. 32.) On July 19, the
15 court found plaintiff failed to demonstrate good cause for a 180-day extension of all deadlines and
16 ordered plaintiff to file an opposition to defendants' motions within 30 days of the date of the
17 order. (ECF No. 35.) When plaintiff sought reconsideration of that July 19 order, this court gave
18 plaintiff an additional three weeks to file his responses. (Aug. 20, 2024 Order; ECF No. 39.)
19 They were due September 10, 2024. In the August 20 Order, the court again warned plaintiff that
20 if he failed to file responses as ordered, the court would likely recommend he be sanctioned.
21 Plaintiff was informed that sanctions may include restrictions on the evidence plaintiff will be
22 permitted to present or dismissal of this action. (Id. at 3.)
23       The due date for plaintiff's responses to defendants' May 10 motions has passed and,
24 despite having over five months to do so, plaintiff has not filed responses to the motions. Plaintiff
25 has also failed to comply with the August 20 Order.
26 ////
27 ////
28 ////

**SANCTIONS**

**I.     Legal Standards**

Federal Rule of Civil Procedure 37(d) authorizes the court to issue sanctions when a party fails to serve answers to properly served interrogatories or requests for inspection of documents. Fed. R. Civ. P. 37(d)(1)(A). Rule 37(b) authorizes sanctions for noncompliance with a discovery order. Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("[W]here a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)."). The court may impose the same broad range of sanctions under subsections (b) or (d), including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (citing Rule 37(b)(2)(A)); Fed. R. Civ. P. 37(b)(2)(A); see also, e.g., Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." (internal citations omitted)).

The threshold requirement for terminating sanctions under Rule 37(b) is that the conduct has been intentional. See In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (dismissal under Rule 37(b) requires a threshold showing that the violation is due to willfulness, bad faith, or fault of the non-moving party). Where this requirement is met, the Ninth Circuit employs a "five-part test, with three subparts to the fifth part" to determine whether a terminating sanction under Rule 37(b)(2) is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (footnotes omitted). "This 'test' is not mechanical. It provides the district court with a way

to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." Id.

As this court has recognized previously, as a pro se litigant plaintiff is entitled to some lenience. Nevertheless, he is bound by the rules and this court's orders.. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez, 298 F.R.D. at 470 (collecting cases).

## II. Discussion

### A. Willfulness

In the April 4, 2024 order granting in part defendants' motion to compel, the court found plaintiff's opposition to the motion to compel responses to interrogatories and requests for admissions had no merit. Plaintiff failed to show he was unable to respond to the discovery within the forty-five days required. In fact, plaintiff had responded to defendants' requests for admissions with only minimal delay. (See ECF No. 30 at 4.)

Plaintiff's May 28 motion for a 180-day extension of all deadlines, shows that he understood that he was required to provide defendants with timely responses to interrogatories and requests for admissions. Similarly, plaintiff's motion for reconsideration of the order denying him 180 days showed that he understood the requirements. While the court did not grant plaintiff the full time extension of time he requested, the court did give him significant additional time to respond to defendants' motions. To date, plaintiff has had over five months to respond. On this record, plaintiff has intentionally failed to comply with the discovery rules and with the court's orders.

Plaintiff's willful refusal to comply with discovery is also shown by his refusal to attend his deposition. Defendants scheduled a deposition for May 7, 2024. According to the declaration of defendants' counsel, which plaintiff has not disputed, the court reporter, videographer, and counsel appeared at the jail for the deposition on May 7. Plaintiff provided defendants with no prior notice that he did not intend to participate in the deposition. On May 7, while at the jail,

defendants' counsel was told that plaintiff refused to appear for the deposition. (See Decl. of M. Mendoza; ECF No. 31-1.) There is ample evidence that plaintiff has willfully chosen noncompliance with the discovery rules and with this court's orders.

**B. The Five-Factor Test**

First, the public's interest in expeditious resolution of litigation has been thwarted by plaintiff's failure to properly participate in discovery. Plaintiff's failure to respond to the discovery and related motions has prevented this case from advancing out of the discovery phase, which was originally scheduled to end on February 23, 2024, nearly eight months ago. (See Disc. and Sch. Order; ECF No. 20.)

Second, the court's need to manage its docket also weighs in favor of dismissing this action. This case has been stalled for many months. It has required the court's attention and effort for the sole purpose of trying to encourage plaintiff's participation in his own lawsuit – to no avail. Especially in such a burdened court,[1] the interests of judicial economy weigh strongly in favor of dismissing this action. Further investment of judicial resources in plaintiff's claims, which plaintiff has failed to properly pursue, is not justifiable. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (giving significant weight to considerations of judicial economy).

Third, the risk of prejudice to defendants is high because they cannot fairly defend against plaintiff's claims without knowing the evidence plaintiff intends to present. Plaintiff's actions impair defendants' ability to seek summary judgment or go to trial and threaten to interfere with the rightful decision of the case. See In re Phenylpropoanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). It is fundamentally unfair for defendants to remain involuntarily engaged in litigation that plaintiff is not moving forward to conclusion.

Fourth, the public policy favoring disposition of cases on their merits weighs against dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999). Here, however, this factor carries little weight in light of plaintiff's record of significant delay and non-involvement in

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average ... ranking us 7th in the nation and 1st in the Ninth Circuit.").

his own case.  See Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (policy favoring merits adjudication is not, without more, sufficient to outweigh other factors).

Fifth, this court finds the imposition of sanctions short of dismissal are highly unlikely to encourage plaintiff's compliance with discovery and orders.  This court has twice threatened sanctions and made clear that dismissal of this action was a possible sanction.  Monetary sanctions are unlikely to have any effect on plaintiff's behavior.  As many courts have recognized, "because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders." Sanchez, 298 F.R.D. at 466 (citing Kindred v. Doe, No. SACV 12-1996-ABC (RNB), 2014 WL 793095, *3 (C.D. Cal. Feb. 26, 2014)); see also Henderson v. LOR, No. 2:16-cv-2833 TLN AC P, 2019 WL 541014, at *3 (E.D. Cal. Feb. 11, 2019); Berna v. Powell, No. 1:15-cv-0283 AWI EPG, 2016 WL 6693505, at *4 (E.D. Cal. Nov. 14, 2016).  The fifth factor thus supports the issuance of terminating sanctions.

### III. Conclusion

The history of this case shows that plaintiff has willfully failed to respond to discovery properly propounded by defendants.  Defendants have been forced to expend resources and time filing two motions to compel and attending a properly scheduled deposition that plaintiff refused to attend.  Considering the five factors set out above, dismissal of this action is appropriate under Rules 37(b) and 37(d).

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that

1. This case be dismissed for plaintiff's failure to comply with the discovery rules and with court orders.
2. Defendants' motions to compel and for sanctions (ECF No. 31) be dismissed as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE