UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACKOWITZ, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-1281-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is in county custody and is representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. Judgment for defendants was entered on January 30, 2025 as a sanction for plaintiff's willful failure to comply with the discovery rules and the court's orders. ECF Nos. 41-43. This matter was referred back to the undersigned on April 8, 2025 based on defendants' bill of costs and plaintiff's motion for reconsideration. ECF Nos. 44, 46. For the reasons discussed in further detail below, the undersigned recommends denying these pending motions.

**I.     Plaintiff's Motion for Reconsideration**

On March 5, 2025, plaintiff filed a motion to reconsider all of the court's rulings since July 1, 2024 based on "rare and unusual circumstances."[1] ECF No. 46. Plaintiff asserts that he

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1  was suicidal from July through October 2024.  ECF No. 46 at 6.  He also describes various
2  conspiracies involving jail staff and defense counsel that were working against him during the
3  pendency of this case.
4      Defendants filed an opposition to the motion, asserting that it is an untimely motion to
5  alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  ECF No.
6  48.  Regarding the merits of the motion, defendants contend that the conspiracy allegations are
7  unsupported and do not provide a legal basis to set aside the judgment in this case.  ECF No. 48.
8      A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e)
9  or 60(b).  See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th
10 Cir. 1993).  "Reconsideration is appropriate if the district court (1) is presented with newly
11 discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)
12 if there is an intervening change in controlling law."  Id. at 1263.  A Rule 59(e) motion to alter or
13 amend a judgment must be filed within 28 days of judgment.  Fed. R. Civ. P. 59(e).  Since
14 plaintiff's motion to reconsider was not filed within 28 days of judgment, even using the prison
15 mailbox rule, the court construes the motion as filed pursuant to Rule 60(b).
16     The legal grounds for setting aside a judgment pursuant to Rule 60(b) include "mistake,
17 inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud.  Fed. R. Civ.
18 P. 60(b)(1)-(3).  A judgment may also be set aside if it is void or has been satisfied.  Fed. R. Civ.
19 P. 60(b)(4),(5).  A Rule 60(b) motion must be made "with a reasonable time-and for reasons (1),
20 (2), and (3) no more than a year after the entry of the judgment...."  Fed. R. Civ. P. 60(c)(1).
21     Plaintiff has not demonstrated any mistake, surprise, newly discovered evidence, or fraud
22 that relates to the final judgment in this matter.  Plaintiff was provided numerous extensions of
23 time to comply with his discovery obligations in light of his depressed mental state, which
24 plaintiff previously described to the court.  See ECF Nos. 32, 36.  He was also warned about the
25 consequences of failing to comply with discovery and court orders.  See ECF No. 39.  Therefore,
26 the terminating sanctions imposed in this case were not a surprise.  His conclusory allegations of
27 a conspiracy are not sufficient to justify setting aside the judgment in this case.  Therefore, the
28 undersigned recommends denying plaintiff's motion to reconsider.

## II. Defendants' Bill of Costs

On February 11, 2025, defendants submitted a bill of costs requesting plaintiff reimburse their costs for two separate deposition transcripts in the amount of $2,628.50. ECF No. 44. Plaintiff filed an objection to the bill of costs based on the amount requested because neither deposition occurred. ECF No. 45. Plaintiff cannot remember why he did not attend either deposition. ECF No. 45. In response, defendants assert that the transcripts of plaintiff's non-appearance at the depositions were used in their motion for sanctions. ECF No. 47; see also ECF No. 31-1 at 9-13.

Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a rebuttable presumption that costs, other than attorney's fees, should be awarded to the prevailing party. However, a district court has the discretion to refuse an award of costs. See Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs." Mexican-Am. Educators, 231 F.3d at 591 (citation omitted). Reasons to refuse to award costs include "the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); see also National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1291 (9th Cir. 1982) (per curiam) (upholding the refusal to award costs based on the losing party's limited financial resources); Stanley v. Univ. of Southern California, 178 F.3d 1069, 1080 (9th Cir. 1999) (finding that the district court abused its discretion in awarding costs for failing to consider the chilling effect on future civil rights litigation and the losing party's indigency).

In this case, the undersigned recommends refusing defendants' bill of costs for multiple reasons. First and foremost, plaintiff is a prisoner proceeding in forma pauperis. At the time that he filed the complaint in this case, he had $ 0.07 in his inmate trust account. ECF No. 2 at 3. He has remained in custody for the last three years. Therefore, there is no indication on the record before the court that he has any financial resources with which to pay the costs. Since this case

involved allegations of excessive force against a prisoner, the court also finds that the issues involved were important and that an award of costs may have a chilling effect on future civil rights litigation by individual detained in county custody. See Draper v. Rosario, 836 F.3d 1072 (9th Cir. 2016) (emphasizing that "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners" and collecting cases where district courts have declined to tax costs due to chilling effect on civil rights litigation). Additionally, the procedural history of this case makes an award of costs inappropriate. Defendants could have requested the deposition costs as a monetary sanction when they filed their second motion to compel on May 10, 2024 which included the May 7, 2024 deposition transcript. ECF No. 31-1 at 9-13. Instead, they requested evidentiary sanctions. See ECF No. 31 at 7. Having won terminating sanctions, an award of costs seems needlessly punitive at this juncture. For all these reasons, defendant's bill of costs should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 46), construed as a Rule 60(b) motion for relief from judgment, be denied.

2. Defendants' bill of costs (ECF No. 44) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4