UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON EUGENE HUNTER,

Plaintiff,

v.

JACKOWITZ, et al.,

Defendants.

No. 2:22-cv-01281-DAD-SCR (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR RECONSIDERATION

(Doc. Nos. 46, 51)

Plaintiff Brandon Eugene Hunter is a county jail inmate proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2025, the assigned magistrate judge issued findings and recommendations recommending that both plaintiff's motion for reconsideration and defendants' bill of costs be denied. (Doc. No. 51.) Specifically, the magistrate judge concluded that plaintiff's motion for reconsideration, also considered as a motion to set aside the judgment, should be denied because the judgment entered as a terminating sanction due to plaintiff's failure to comply with discovery rules and the court's orders was well-founded and could have come as no surprise to plaintiff in light of the numerous extensions of time and warnings he was provided prior to that judgment being entered. (*Id.* at 1–2.) As to defendants' bill of cost the magistrate judge found that there

1

was no indication that plaintiff, a county jail inmate proceeding *pro se*, had any financial ability to pay such costs, that the award of costs would have a chilling effect on future civil rights litigation by county jail inmates, and that the procedural history of this case made the award of costs inappropriate in light of the terminating sanctions already imposed on plaintiff. (*Id.* at 3–4.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty–one (21) days after service. (*Id.* at 4.)[1] On August 11, 2025, the court received plaintiff's objections to the findings and recommendations. (Doc. No. 52.) On August 20, 2025, counsel for defendants filed a response to plaintiff's objections. (Doc. No. 53.) On September 5, 2025, plaintiff filed an unauthorized objection to defendants' response. (Doc. No. 54.) In his objections, plaintiff for the most part repeats the assertions made in his motion for reconsideration that his mental condition, exacerbated by the purported conspiratorial actions of the defendants, their attorneys and other jail staff directed at him, provide an adequate basis upon which to set aside the judgment and to establish "excusable neglect" on his part in failing to abide by the applicable rules and court orders. (Doc. No. 52 at 2–4.)[2] These arguments were properly rejected in the pending findings and recommendations. In short, plaintiff's objections provide no basis upon which to reject the magistrate judge's recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.     The findings and recommendations issued on July 16, 2025 (Doc. No. 51) are adopted in full;

---

[1] Defendants did not file objections to the recommendation that their bill of costs be denied and the time in which to do so has long since passed.

[2] In his unauthorized "objection" to defendants' response to his objections, plaintiff again essentially repeats many of these same allegations. (Doc. No. 54 at 1–3.)

2.      Plaintiff's motion for reconsideration, also considered as a motion to set aside the judgment entered on January 30, 2025) is denied;

3.      Defendant's bill of costs (Doc. No. 44) is denied; and

4.      The Clerk of the Court is directed to once again close this case in which judgment was entered on January 30, 2025.

IT IS SO ORDERED.

Dated:    **February 14, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3